Plaintiff entered into a fixed-price contract to perform work consisting, inter alia, of waterproofing a buff brick veterans hospital building in Topeka, Kansas, and also the repair of all existing cracks in the exterior walls of certain specified buildings and connecting corridors. Plaintiff’s petition for review under Wunderlich Act standards of a decision of the Veterans Administration Contract Appeals Board denying its claims for an equitable adjustment, includes: Count 1 asserting that defendant refused to permit plaintiff to use coarse river sand in the waterproofing grout and that this constituted a constructive change entitling plaintiff to an equitable adjustment for additional labor thereby incurred, Count 2 asserting that defendant required plaintiff to match the waterproofing grout to an unspecified color resulting in increased costs for which plaintiff is entitled to an equitable adjustment, and Count 8 asserting that plaintiff was required to perform work on a corridor not included in the contract for which it is entitled to an equitable adjustment. In an opinion filed January 12, 1973, Commissioner Hal D. Cooper concluded, with respect to Count 1, that defendant’s refusal to permit plaintiff to add coarse river sand to the grout constituted a constructive change since there is nothing in the specifications either precluding the use of coarse sand with the grout or requiring defendant’s approval of its use, and since the trade practice established by plaintiff’s proof is consistent with the contract provisions, i.e. it is trade practice to add coarse river sand to said grout when waterproofing textured brick. With respect to Count 2, the commissioner concluded that since the specifications plainly required that the finished product should not exhibit haze or discoloration, the resident engineer did not effect a constructive change by holding plaintiff to the contract requirements, there being-absent from the record any substantial evidence that once plaintiff eliminated the discoloration and haze problem, the resident engineer required plaintiff to go beyond that point *876 and match the grout to an unspecified color. As to Count 3, plaintiff interpreted the phrase “and connecting corridors” to include only those corridors connecting any two of the specifically itemized buildings, and since neither building 4 nor 5 was specifically referred to, plaintiff’s bid was based on the assumption that it was not required to perform work on the corridor interconnecting these two buildings. The commissioner indicated that although plaintiff’s interpretation appears reasonable from a mere reading of the specifications, the specifications were not of such a character that a bid could be submitted simply on the basis of reading them, but that a site inspection was required to ascertain the scope of the work before submitting a bid. The commissioner concluded that having elected to proceed without inquiry, plaintiff did so at its own risk. This case came before the court on plaintiff’s and defendant’s motions requesting that the court adopt the recommended decision of the commissioner. Upon consideration thereof and without oral argument, since the court agrees with the commissioner’s decision, by order dated March 30, 1973 the court granted the motions and adopted the decision as the basis for its judgment hi this case. The court granted plaintiff’s motion for summary judgment as to Count 1 and denied defendant’s cross-motion; it denied plaintiff’s motion as to Counts 2 and 3 and granted defendant’s cross-motion and dismissed those parts of the petition. The court, pursuant to General Order No. 3 (1972), remanded the case to the Veterans Administration Contract Appeals Board for resolution of the equitable adjustment to which plaintiff is entitled under Count 1.